JOSHUA, (a man of color,) Plaintiff in Error, *v.* W. H. PURSE AND R. M. PENN, Defendants in Error.

*Slave—Freedom—Pleading.*—A petition filed by one held as a slave, praying leave to sue for his freedom *in forma pauperis*, is an *ex parte* proceeding, and cannot be treated as a pleading setting forth a cause of action which entitled the petitioner to a judgment. The petition or declaration must show upon what ground the plaintiff claims his freedom.

*Error to Pike Circuit Court.*

*Campbell* and *Henderson,* for plaintiff in error.

*D. P. Dwyer,* for defendants in error.

BATES, Judge, delivered the opinion of the court.

The "Act to enable persons held in slavery to sue for their freedom," in its first section, provides that "any person held in slavery may petition the Circuit Court, or judge thereof in vacation, for leave to sue as a poor person, in order to establish his right to freedom, and shall state in his petition the ground on which his claim to freedom is founded."

In the present case, upon the petition so filed, an order was made that the petitioner be allowed to sue; but no pleading was filed by the plaintiff as a legal statement of his cause of action against the defendants. Instead, thereof, it seems that the petition for leave to sue was regarded as the plaintiff's declaration or petition stating his cause of action; and a demurrer to it was filed and sustained. The petition for leave to sue, and the petition as a declaration, are distinct things, and must be kept so. The petition for leave to sue is wholly *ex parte* and preliminary to the suit, which must

be commenced by a petition under the general practice act. In remanding the case that a proper petition may be filed, it is thought proper to state, that the petition must show upon what ground the plaintiff claims a right to freedom.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.